**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **TROY BROWN** | : **COMPLAINT** |
|     **Plaintiff** | ; Civil Action No. 1:25-CV-2131 |
|     V. | : |
| | **FILED** |
| **WYNDHAM GARDEN HOTEL & RESORT GROUP** : | HARRISBURG, PA |
| **WYNDHAM GARDEN HOTEL** | : |
| **TEJI M. AWAD** | :    NOV 1 2 2025 |
| **TRISHA McCOY** | : |
| | PER _____ |
|     **Defendant** | :    DEPUTY CLERK |

**COMBINED CIVIL RIGHS AND STATE TORT COMPLAINT JURY TRIAL**
**DEMANDED**

## I.    JURISDICTION AND VENUE

1. This Court has jurisdiction **under 28 U.S.C. § 1331** because this case arises under the Constitution and laws of the United States, including **42 U.S.C § 1983** (for violation of the Fourth and Fourteenth Amendments).

2. Venue is proper in this District **under 28 U.S.C. § 1391** (b) because the events giving rise to these claims occurred at the Wyndham Garden Hotel located at 2000 Loucks Road, York, Pennsylvania.

## II.    PARTIES

3. Plaintiff Troy Brown, is an individual currently incarcerated at York County Prison, York, Pennsylvania.

4. Defendant Wyndham Garden Hotel is a business entity operating at 2000 Loucks Road, York, Pennsylvania.

5. Upon information and belief, Wyndham Garden Hotel is owned or managed by The Wyndham Garden Hotel & Resort Group.

6. Defendant Teji M. Awad, is the general manager of the Wyndham Garden Hotel, who oversees the day to day operations by franchise policy.

7. Defendant Trisha McCoy, is supervisor of housekeeping staff who makes sure they follow protocol.

### III.    STATEMENTS OF FACTS

8. On February 25, 2024, plaintiff was a registered and lawful guest at the Wyndham Garden Hotel.

9. Without notice or consent, Hotel staff Pamela Eisenhour and Diamond Bailey entered plaintiff's room, opened drawers and bags, and viewed or handled plaintiff's personal belongings, violating the Plaintiff reasonable expectation of privacy. **(See Exhibit A) Sworn Affidavit of Probable Cause.**

10. Pamela Eisenhour and Diamond Bailey, then called the housekeeper supervisor Trisha McCoy, who then repeated the same steps as Pamela Eisenhour and Diamond Bailey.

11. Without verifying plaintiff's checkout or safety, staff called law enforcement and once Police arrived Officer Snyder, directed Housekeeper Supervisor Trisha McCoy, to show him where the alleged items were located. **(See Exhibit B) Sworn Testimony of Officer Snyder, in suppression transcripts.**

12. Defendant Trisha McCoy, acted as an agent of law enforcement and led officer's to the Plaintiff's room and permitted police entry into the room. **(See Exhibit A) Sworn Affidavit of Probable Cause.**

13. Police entered the room without a warrant or exigent circumstances to justify the unlawful entry, while Plaintiff was still a lawful guest. **(See Exhibit A) Sworn Affidavit of Probable Cause, and (See Exhibit B) Sworn Testimony of Officer Snyder, in suppression transcripts.**

14. The actions of the Hotel and its employees directly led to Plaintiff's arrest and incarceration of approximately 20 months.

15. Hotel employees acted negligently and/or intentionally, and with disregard for Plaintiff's rights as a paying guest.

### IV.    CLAIMS FOR RELIEF

**Count I**- Unlawful Search and Seizure / Aiding State Action **(42 U.S.C. § 1983)**

16. Hotel staff acted jointly with or at the direction of police officers, becoming state actors for purposes of **§ 1983.**

17. Their actions violated Plaintiff's rights under the **Fourth and Fourteenth Amendment** to be free from unreasonable searches and seizures.

Count II- Invasion of Privacy / Intrusion Upon Seclusion (State Law)

18. Defendants intentionally intruded upon Plaintiff's private affairs by entering his Hotel room and searching personal belongings without consent.

19. The intrusion would be highly offensive to a reasonable person.

Count III- Negligence

20. Defendants owed Plaintiff a duty of care as a paying guest to maintain his right to privacy and safety.

21. It is undisputed that Hotel staff may not give police consent to search occupants room while still a registered guest. **Commonwealth v. Dean, 940 A.2d 514.**

22. Defendants breached that duty by permitting or conducting an unlawful search and disclosure of private information to police.

Count IV- Breach of Contract

23. A contractual relationship existed between Plaintiff and the Hotel through Payment for lodging.

24. The Breached the implied promise to provide a private, secure room by entering without authorization and exposing Plaintiff's property.

25. Staff went beyond cleaning duties by searching drawers and bags-unreasonable and unauthorized.

26. **See Stoner, 376 U.S. at 589-90, 84 S. Ct. 889,** or to even enter the room, except for housekeeping purposes, unless (1) the guest consented or (2) the tenancy has terminated. **United States v. Rahme, 813 F.2d 31, 34 (2d Cir. 1987).**

V.    **NOTICE OF PRO SE STATUS**

27. Plaintiff is not licensed in law and respectfully invokes his rights under **Estelle v. Gamble, 429 U.S. 97 (1966),** and **Haines v. Kerner, 404 U.S. 519 (1872),** which hold that pleading filed by pro se litigants must be liberally construed and not dismissed for failure to meet formal legal standards.

28. Pennsylvania Courts also hold that pro se pleadings are to be evaluated on substance, not form. **See Commonwealth v. Walker, 828 A.2d 991 (Pa. 2003).**

## VI.   DAMAGES

**29.** Plaintiff suffered physical confinement, emotional distress, reputational harm, pain and suffering, Loss of liberty, wrongful incarceration, P.T.S.D., financial losses.

**30.** Plaintiff seeks:

- Compensatory Damages: $8,250,000 (Hotel) General Manger and Housekeeping Supervisor $125,000 (Each)

- Punitive Damages: $5,000,000 (Hotel) General Manger and Housekeeping Supervisor $125,000 (Each)

## VII.   JURY DEMAND

**31.** Plaintiff demands a trial by jury on all issues so triable.

## VIII.   RELIEF REQUESTED

**Wherefore,** Plaintiff respectfully requests judgment against Defendants, jointly and severally, awarding compensatory and punitive damages, court costs, such other relief as the Court Deems just and proper, Costd of this action, including reasonable attorney fees under **42 U.S.C. § 1988** and leave to amend the Complaint as new facts are uncovered through discovery.

Date: 11/05/2025
Respectfully Submitted,
Troy Brown #144012
Pro Se
York County Prison
3400 Concord Road
York, PA 17402

## VERFICATION

I have read the foregoing complaint and hereby verify that matters alleged therein are true, except as to matters alleged on information and belief, and as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at York, Pennsylvania on 11/05/2025

Signature: _Troy Brown_

Troy Brown

Troy Brown #144012
York County Prison
3400 Concord Rd
York, PA 17402



United States District Court
Middle District of Pennsylvania
Sylvia H. Rambo U.S. Courthouse
1501 North 6th Street, Suite 101
Harrisburg, PA 17102

RECEIVED
HARRISBURG, PA

NOV 12 2025

PER _____
DEPUTY CLERK